# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 90 C 6628 | **DATE** | October 23, 2001 |
| **CASE TITLE** | Irma Anthony et al v. Edward Derwinski | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiffs' motion to clarify the judgment is denied.  See attached for details.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 2 4 2001 | |
| | Notified counsel by telephone. | | date docketed | 64 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/23/01 | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

COPY OF DOCKETING
01 OCT 23 PM 4: 59

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DOCKETED
OCT 2 4 2001

| | | |
|---|---|---|
| IRMA L. ANTHONY, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 90 C 6628 |
| | ) | |
| EDWARD DERWINSKI, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff has moved to "clarify" the judgment entered by this court on May 11, 1995. The prayer of the motion is that the court enter an order stating that plaintiff's seniority and pension benefits are retroactive to " . . . the date he was denied the employment opportunity referred to in the 1989 vacancy announcement." Mem. of Law In Support of Motion to Clarify Judgment, p. 9.

Plaintiff's memorandum in support of his motion cites ample authority for a court to grant retroactive pension relief in a discrimination case, but that is not the question here. The question is whether the court can grant the relief six years after the entry of judgment.

Plaintiff cites Federal Rule of Civil Procedure 60(a) and (b), but does not explain how they apply. Defendant argues that Rule 60(a) does not apply, because it relates only to clerical mistakes. Defendant further contends that Rule 60(b) is of no help to

plaintiff because he is out of time. The only arguably applicable portions of Rule 60(b) have a one year time limit.

Plaintiff replies that he is not seeking to amend the judgment but only to clarify it. Therefore, he contends that the time limits in Rule 60(b) are irrelevant.

There were three orders entered in this case on May 11, 1995, one an "agreed order" apparently prepared by the plaintiff, the second a minute order referring to the agreed order, and finally a judgment awarding plaintiff damages and attorney's fees in specific amounts. Nothing is said in any of these three documents about pension rights.

The court does not see anything in the judgment that needs clarification. The judgment is entirely clear; it provides only for specific amounts of damages and attorney's fees.

What plaintiff seeks is not a clarification but a modification of the judgment order that would add a provision concerning retroactivity of plaintiff's pension rights. This could only be done on the theory that the omission of such a provision from the judgment order was a mistake. The correction of a mistake is something the court can do pursuant to Rule 60, but that Rule presents a timeliness problem the plaintiff is unable to overcome.

The court finds no basis for clarifying the judgment order to include a new provision concerning retroactivity of plaintiff's

pension rights, and therefore plaintiff's motion to clarify the judgment is denied.

Date:       October 23, 2001

ENTER:      _____
            John F. Grady, United States District Judge